83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benn C. BOSTIC, Defendant-Appellant.
 No. 95-50052.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benn C. Bostic appeals his conviction following a conditional guilty plea for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Bostic contends that the district court erred by concluding that he voluntarily consented to a search of his house. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The determination that a consent to a search was voluntary is a question of fact which we review for clear error. United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988). We view the evidence regarding consent in the light most favorable to the fact-finder's decision. Id.
 
 
 4
 Whether a consent to a search was voluntary or was the product of coercion is determined by considering the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973); Castillo, 866 F.2d at 1082. Among the factors to be considered in determining the voluntariness of consent are: (1) whether the defendant was in custody; (2) whether the arresting officers have their guns drawn; (3) whether Miranda warnings have been given; (4) whether the defendant was told he has a right not to consent; and (5) whether the defendant was told a search warrant could be obtained. Castillo, 866 F.2d at 1082. Additionally, a defendant's knowledge of the right to refuse consent is highly relevant in determining the voluntariness of consent. United States v. Mendenhall, 446 U.S. 544, 558-59 (1980); United States v. Childs, 944 F.2d 491, 496 (9th Cir.1991). No one factor or combination of factors automatically determines that consent was involuntary. Castillo, 866 F.2d at 1082; see also United States v. Watson, 423 U.S. 411, 424-25 (1976) (consent voluntary despite officers' failure to inform defendant in custody of right to withhold consent); United States v. Iglesias, 881 F.2d 1519, 1522 (9th Cir.1989) (consent voluntary when officer told homeowner that grand jury subpoena could be obtained in absence of consent), cert. denied, 493 U.S. 1088 (1990); United States v. Alfonso, 759 F.2d 728, 741 (9th Cir.1985) (holding consent voluntary where defendant arrested by officers with guns drawn and not advised of Miranda rights until five hours after search, but noting that officers re-holstered guns prior to consent).
 
 
 5
 Bostic contends that under the totality of the circumstances, the district court erred by concluding that his oral consent to the search of his home was voluntary. Bostic was arrested by two plainclothes officers with guns drawn, handcuffed, and placed in the backseat of an unmarked patrol car. Bostic was not read his Miranda rights by the officers.[1] While in the patrol car, Bostic consented orally to a search of his house. Bostic was not advised by officers of his right to refuse consent, but knew his consent was needed for officers to search his residence without a warrant.[2] Bostic testified at the suppression hearing that after giving his consent, he was told a warrant could be obtained by fax. Bostic further testified that he agreed to the search of his residence due to threats made by officers regarding his sister and children. Officers denied making such threats, and testified that it was Bostic who raised the subject of his sister and children's involvement.
 
 
 6
 Here, the fact that Bostic was in custody does not invalidate his consent. See Watson, 423 U.S. at 424-25. Similarly, his consent is not rendered involuntary by the fact that he was not given Miranda warnings. See Alfonso, 759 F.2d at 741. Although officers arrested Bostic with guns drawn, Bostic's consent was obtained after both officers had re-holstered their guns. See id. Further, it was not until after Bostic had consented to the search that officers may have told him that a warrant could be obtained. See Iglesias, 881 F.2d at 1522; Castillo, 866 F.2d at 1082. More importantly, Bostic knew he had the right to refuse consent to the search. See Mendenhall, 446 U.S. at 558-59; Childs, 944 F.2d at 495.
 
 
 7
 Viewed under the totality of the circumstances and in the light most favorable to the fact-finder, the district court did not clearly err by concluding that Bostic voluntarily consented to a search of his house. See Schneckloth, 412 U.S. 218; Castillo, 866 F.2d at 1082.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although this issue was disputed by the parties, the district court specifically held that Bostic was not given Miranda warnings at the time of his arrest
 
 
 [2]
 Bostic had been searched pursuant to a warrant on a previous occasion